■ BEATRICE S. PHELPS, Respondent, v MELISSA A. RANGER et al., Appellants, et al., Defendants. [929 NYS2d 896]—

Memorandum: Plaintiff commenced this action seeking, inter alia, damages for injuries she allegedly sustained when the vehicle in which she was a passenger, driven by defendant Melissa A. Ranger, collided head-on with a vehicle driven by defendant Christopher M. Dwyer. The vehicle driven by Dwyer was then struck by a vehicle driven by defendant Jamie C. Cogan and owned by defendant Stephanie M. Cogan. Supreme Court properly denied the motion of the Cogan defendants and the cross motions of Dwyer and Ranger seeking summary judgment dismissing the complaint and any cross claims against them on the ground that they were confronted with an emergency situation, i.e., blowing snow that produced white-out conditions. Even assuming, arguendo, that the defendant drivers were confronted with an emergency situation, we conclude that "there are issues of fact with respect to the appropriateness of the conduct of the [defendant drivers] in light of all of the circumstances, including the severely inclement weather, and thus summary judgment is not appropriate" (*Sossin v Lewis*, 9 AD3d 849, 851 [2004], *amended on rearg on other grounds* 11 AD3d 1045 [2004]). Contrary to the contention of Dwyer, we further conclude that there are issues of fact whether the vehicle driven by Ranger crossed into his lane and, if so, whether he acted reasonably under the circumstances (*see Rowen v Harris*, 45 AD3d 1420 [2007]). Finally, there is a triable issue of fact whether there was only a single impact between the vehicle driven by Dwyer and that driven by Ranger, or whether there was a second impact to the vehicle driven by Ranger when the vehicle driven by Cogan struck Dwyer's vehicle and pushed it into the vehicle driven by Ranger (*see generally Bauman v Benlivi*, 291 AD2d 470 [2002]). Present—Centra, J.P., Fahey, Sconiers, Green and Martoche, JJ.